UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLAND, *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Number 1:11-cv-1766 (ABJ)(AK) |
| LORING & SON MASONRY RESTORATION, INC., | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM OPINION[1]

Pending before the Court is an Amended Motion for Default Judgment [11] by Plaintiffs, James Boland, *et al.* ("Plaintiffs"), trustees of the Bricklayers and Trowel Trades International Pension Fund ("IPF").  Plaintiffs seek damages for withdrawal liability payments, interest and liquidated damages from Defendant Loring and Son Masonry Restoration, Inc. ("Defendant" or "Loring") under the Employee Retirement Investment Securities Act ("ERISA").  On February 23, 2012, the Clerk of Court made an Entry of Default as to Loring [7].  Plaintiffs filed a Motion for Default Judgment on March 22, 2012 [8] and the Motion was referred to the undersigned pursuant to LCvR 72.2(a) [10].  Plaintiffs filed the Amended Motion on March 27, 2012.  An evidentiary hearing was held on April 30, 2012, at which Plaintiffs offered evidence from Peter Robert Hardcastle, an enrolled actuary for IPF.  Defendant did not appear at the hearing.

---

[1] In the original Memorandum Opinion, the document referenced in the Conclusion section was Docket Entry 8, rather than Docket Entry 11.

## I.  BACKGROUND

Loring is a Connecticut building and construction company that employed members of the Bricklayers and Trowel Trades International Union local affiliates and executed a collective bargaining agreement with the Union.  (Decl. of David F. Stupar [11-1] at 1-2.)  Pursuant to the bargaining agreement, Loring was obligated to make contributions to IPF to fund the benefits provided to employees.  (*Id.* at 1.)  Loring ceased making its required contributions, and in 2009, IPF determined that Loring had withdrawn from the Fund.  (*Id.* at 2-3).  *See* 29 U.S.C. § 1383(b).  Plaintiffs seek $41,159.97 in damages, of which $32,551.75 is in withdrawal liability, $2,097.87 in interest and $6,510.35 in liquidated damages.

## II.  DISCUSSION

### A.  Standard for Default Judgment

The clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense.  *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *U.S. v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010). The court must then make a determination of the sum to be awarded. *Id.* "The court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

Under ERISA, a pension fund which has obtained liability against a delinquent employer may seek damages of (1) the unpaid contributions, (2) interest on the unpaid contributions; (3) liquidated damages as provided in the pension plan but not exceeding 20 percent of the unpaid contributions; (4) reasonable attorneys fees and costs; and (5) other legal or equitable relief that the court finds appropriate. 29 U.S.C. § 1132(g)(2).

**B. Damages**

Upon Loring's withdrawal, IPF calculated Loring's withdrawal liability and notified Loring. *See* 29 U.S.C. § 1399. According to IPF, Loring's withdrawal liability totaled $231,387. (Attachment 2 to Exhibit A of Stupar Decl.) *See* 29 U.S.C. § 1391. Accordingly, Loring was required to pay $2,959.25 per month for 101 months plus a final payment of $1,576.04. (Attachment 2 to Exhibit A of Stupar Decl.) Loring made the first payment but no further payments. (Stupar Decl. at 3.) This first payment was not a contribution to IPF, but rather a payment of withdrawal liability. 29 U.S.C. § 1392(b).

Defendant noted a desire to engage in arbitration with Plaintiffs as allowed under ERISA. (Stupar Decl. at 4.) Plaintiffs stated at the hearing that Defendant has taken no action to pursue arbitration after expressing this desire. Even if Defendant were to initiate arbitration proceedings, it would still be responsible for complying with the payment schedule for

withdrawal liability until the arbitrator issued a final opinion.  (Withdrawal Liability Procedures of IPF [11-1] at III.F.)

Plaintiffs' suit seeks damages for eleven payments following the one paid by Defendant, totaling $32,551.75.  Plaintiffs seek $2,097.87 in interest, as provided in 29 U.S.C. § 1132(g)(2)(C)(i), calculated at 15 percent per annum, the rate established in the General Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers.  (Attachment 3 to Exhibit A of Stupar Decl. at 23.)  Finally, Plaintiffs seek liquidated damages of 20% of the delinquent amount, pursuant to 29 U.S.C. §1132(g)(2)(C)(ii) and established in the same General Collection Procedures.  Plaintiffs request $6,510.35 in liquidated damages.  (*Id.*)  The total sought is $41,159.97.

The Clerk of Court's Entry of Default as to Defendant established Defendant's liability.  Defendant offered no evidence prior to or at the evidentiary hearing disputing the sum to be awarded and Plaintiffs offered sufficient evidence in support of their request.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Amended Motion for Default Judgment [11], awards damages totaling $41,159.97.

A separate Order of judgment will accompany this Opinion.


Date: May 4, 2012                                             /s/
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE